**Bayer AG, Plaintiff,**

v.

**SONY ELECTRONICS, INC., et al., Defendants.**

No. 95–8–JJF.

United States District Court, D. Delaware.

Aug. 20, 2001.

---

406

Rudolph E. Hutz, R. Eric Hutz, Connolly Bove Lodge & Hutz, LLP, Wilmington, Delaware, for Plaintiff.

Douglas E. Whitney, Thomas C. Grimm, Mary B. Graham, Rodger D. Smith, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, for Defendants.

## *MEMORANDUM OPINION*

FARNAN, District Judge.

Presently before the Court in this patent infringement action is Plaintiff Bayer AG's First Motion to Compel Production of Documents Pursuant to Rule 37 of the Federal Rules of Civil Procedure (D.I.351), and Defendants' First Rule 37 Motion to Compel (D.I.353). For the reasons discussed below, the Court will grant Plaintiff's motion, and will grant in part but deny in part Defendants' motion.

## BACKGROUND

Plaintiff Bayer AG filed this action against Defendant Sony Electronics, Inc. ("SEL") on January 9, 1995, for infringement of United States Patent No. 4,290,799 ("the '799 patent") through the sale of recording media containing certain metal powders. On July 8, 1997, Plaintiff filed a second action against Defendant Sony Corporation, Inc. ("Sony") and Defendant Dowa Mining Co. ("Dowa"), which was eventually consolidated with the first action, for actively inducing SEL's in-

fringement of the '799 patent. The instant disputes arose during discovery in the consolidated action.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26(b)(1), the parties "may obtain discovery regarding any matter ... that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

## DISCUSSION

### I. Plaintiff's Motion (D.I.351)

#### A. SEL's Compliance with Plaintiff's Third Set of Production Requests

##### 1. Request # 83

Plaintiff seeks production of documents relating to the procurement and testing of all the raw materials used to manufacture Defendants' accused products. Although Defendants initially agreed that it would not base their defense on the method used to manufacture the accused products, it has been represented to the Court that Defendants' counsel now takes the position that the manufacturing process somehow changes the characteristics of the metal powders. As a result, the Court is not convinced that this request is overbroad or unduly burdensome, in that these other raw materials may interact with the metal powders during the manufacturing process, thus making these raw materials relevant to this case.

##### 2. Request # 84

Plaintiff seeks production of documents regarding Dowa's metal powders that SEL uses in manufacturing the accused products. Defendants make an unsupported contention that this request is overbroad but they fail to provide a sufficient justification for this contention.

##### 3. Request # 85

Plaintiff requests production of documents concerning "each metal tape coating"

applied or made by Sony in the United States. Defendants object to this request as irrelevant, overbroad and unduly burdensome in that it requires Defendants to produce "every piece of paper ever created by SEL's metal tape manufacturing operation at Dothan." (D.I. 357 at 5). The Court concludes that Defendants fail to sufficiently demonstrate the overbreadth of said request, and the Court finds it to be relevant to the issues of infringement and damages.

### 4. Request # 87

Plaintiff requests production of all documents regarding the use and importation of the accused powders and the manufacturing of the accused tapes by Sony Japan or Dowa. Defendants contend that this argument is moot because it has turned over some responsive documents after the Court denied Defendants' motions to dismiss. However, as Plaintiff notes, Defendants have not represented that all responsive documents have been produced. In addition, Defendants' contention that the instant request is moot is refuted by the fact that Defendants have objected to this request subsequent to the Court's denial of Defendants' motions. (D.I. 352, letter from Defendants' counsel dated March 8, 2001).

### 5. Request # 89

■ Plaintiff requests production of documents concerning the actual or anticipated marketing in the United States by SEL of the accused products. Defendants contend that they will only comply with this request when the parties agree upon a date for mutual supplementation of discovery. Defendants do not contest the relevancy or the breadth of this request, and the Court concludes that Defendants cannot condition their response on the requested agreement. If Plaintiffs refuse to supplement their document production at some point in the future, Defendants can bring the matter to the Court's attention at that time.

1. Defendants' argument that Plaintiff's request requires clairvoyance because it seeks documents regarding "future" contentions or assertions is unpersuasive. The request is obviously directed towards documents that will support Defendants' defenses in this litigation.

### B. Sony's Compliance with Plaintiff's First Set of Document Production Requests

#### 1. Requests # 1 & 2

■ Plaintiff seeks production of documents relevant to Sony's defenses of invalidity, unenforceability and non-infringement. The Court does not find this request to be overbroad, and concludes that Defendants must produce all documents in its possession or control pertaining to contentions or opinions, including contentions or opinions of third parties, relevant to these issues.[1]

#### 2. Request # 3

■ Plaintiff seeks production of documents relating to the testing of the accused products and of the metal powders used in the accused products. Defendants contend that the request is overbroad because it fails to specify the tests of which Plaintiff seeks production, and that said request is so broad that it requires production of, for instance, documents pertaining to a videotape's susceptibility to jamming in a VCR. The Court fails to see how Plaintiff could craft this request more concisely without complete knowledge of what tests Defendants perform on the accused products.[2]

#### 3. Request # 4

■ Plaintiff requests production of documents "which relate, reflect, or refer to the process" currently or formerly used by Dowa or any other third party "to manufacture any metal powder(s) used in any Sony magnetic media." Defendants object to the focus of the request on the manufacturing process. The Court cannot conclude, at this juncture, that the manufacturing process is irrelevant to this case; however, the Court does conclude that Defendants' overbreadth argument is based on an unreasonable interpretation of the language of the request.[3]

2. Plaintiff specifies that the basic categories of tests sought by this request is electron microscopic studies and photomicrographs.

3. Specifically, Defendants suggest that the request would require production of the floor plan of Dowa's plant. (D.I. 357 at 8).

#### 4. Request # 8

Plaintiff seeks production of samples of Dowa's metal powders used in the accused products. Defendants object to producing these samples unless Plaintiff agrees to treat the samples as "Highly Confidential." For the reasons discussed below, the Court concludes that said samples should be afforded "Highly Confidential" status. As a result, Defendants' objection to this request is moot.

#### 5. Request # 9

■ Plaintiff seeks production of all documents and items "which relate, reflect or refer to conception, design, research, product improvement, testing, evaluation or development" of the metal powder used by Sony Japan in the manufacturing process. Defendants agree to produce documents regarding Dowa's powders, but object to producing powders from third-party manufacturers because such powders exceed the scope of the litigation. The Court finds that discovery on this issue should not be confined to products using Dowa powders simply because Dowa has been identified as one of the suppliers of metal powders used in the accused products. Accordingly, the Court concludes that Defendants must comply with the request.

#### 6. Request # 10

Plaintiff seeks production of documents concerning SEL's manufacturing process at its plant in Dothan, Alabama. Defendants object because they contend that the manufacturing process is irrelevant to the case. However, as noted above, the Court cannot conclude at this juncture that the manufacturing process is irrelevant.

#### 7. Requests # 11–13

These requests seek production of documents regarding Sony's involvement in the manufacturing process. The only request to which Defendants specifically object is number 12, which is essentially identical to request number 83 issued to SEL. For the same reasons as for request number 83, the Court concludes that the production is appropriate.

### C. Dowa's Compliance with Plaintiff's First Set of Document Production Requests

To the extent that these requests are identical to those discussed above concerning Sony, including requests # 1–4, 7, and 10–13, the Court concludes that for the same reasons, Defendants must comply with the requested production.

#### 1. Request # 8

Plaintiff requests production of documents and items concerning the "conception, design, research, product improvement, testing, evaluation or development of the metal powder sold by Dowa for use or used by Sony Japan for the manufacture of Sony magnetic media." Defendants contend that Plaintiff should be required to first identify what types of tests that it seeks; however, the Court concludes that such identification is unwarranted when Plaintiff may not be aware of all such tests performed by Defendants.

#### 2. Request # 9

■ Plaintiff seeks production of documents regarding any changes in any of Dowa's metal powders. Defendants object to this request because there have been "innumerable" changes in said powders that have "absolutely nothing to do with any issues in dispute," and they therefore contend that Plaintiff should identify the types of changes that it deems relevant. However, Plaintiff cannot be expected to identify which changes it deems relevant without first having an opportunity to examine all of these "innumerable" changes. As a result, the Court finds the scope of Plaintiff's request to be warranted.

### II. Defendants' Motion (D.I.353)

### A. "Highly Confidential" Status of Dowa's Powders

■ Defendants contend that Plaintiff should be required to accept Defendants' request that Dowa's metal powders be afforded "highly confidential" status. The stipulated protective order entered in this case allows either party to designate discovery material

as "highly confidential" if it believes in good faith that the material contains "particularly sensitive business or technical information." (D.I. 136 at ¶ 2). The Court concludes that Plaintiff fails to provide sufficient justification to rebut Defendants' good faith belief that the powders warrant "highly confidential" status. Therefore, the powders will be afforded such status in accordance with the stipulated protective order.

### B. Identity of Plaintiff's Secret Source

■ SEL requests the Court to review the United States Magistrate Judge's denial of its motion to compel Plaintiff to produce un-redacted copies of three specified documents. Producing these un-redacted documents would reveal Plaintiff's "secret source," which provided Plaintiff with samples of Dowa's metal powders during the mid 1980s. (D.I.248). The Magistrate Judge determined that the confidentiality agreement between Plaintiff and its secret source outweighed SEL's need to obtain the un-redacted documents.

This Court can only overrule the Magistrate Judge's decision on a non-dispositive matter if it was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard means a reviewing court can upset a finding of fact if supported by some evidence "only if the court has 'the definite and firm conviction that a mistake has been committed.'" *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir.1992).

The Court agrees that the identity of the "secret source" is relevant to SEL's laches defense, in that the secret source may have had information that would have and should have alerted Plaintiff to the alleged infringement years earlier if Plaintiff had conducted an inquiry. However, through its close relationship with Dowa, SEL has access to information regarding the public availability of Dowa's powders during the relevant time period, who was provided with samples of Dowa's powders, etc. Although perhaps not the most convenient route for obtaining evidence to support its laches defense, the Court concludes that SEL's access to this information diminishes SEL's need to know the identity of the secret source.

SEL also argues that the secret source may have internal documents concerning the powders that even Dowa does not have, or that the secret source has documentation of conversations with Plaintiff that Plaintiff no longer has. First, as noted above, SEL has an alternative route to obtain this evidence. Second, the Court finds that speculation as to what documents this secret source may have is insufficient to establish the clearly erroneous nature of the Magistrate Judge's balancing of the competing interests. Therefore, the Court will deny Defendants' motion as to this issue.

### C. Costs and Expenses for SEL's Counsel to Travel to Germany

■ The Court previously granted SEL's request for Plaintiff to reimburse it for costs it incurred in having its counsel travel to Germany to depose Plaintiff's witnesses. (D.I. 237; D.I. 238). However, the Court never set forth the precise amounts to be paid, and as a result, Plaintiff now objects to Defendants' itemized costs of $51,839.74.[4] Plaintiff was ordered to pay SEL's costs due to Plaintiff's failure to make its witnesses available for depositions in Delaware, and absent an indication that SEL incurred extravagant expenses in bad faith, the Court finds no reason to question the legitimacy of the costs incurred. Accordingly, the Court will grant SEL's motion to compel payment of $51,839.74 to cover the costs incurred.

### CONCLUSION

In sum, the Court concludes that Plaintiff Bayer AG's First Motion to Compel Production of Documents Pursuant to Rule 37 of the Federal Rules of Civil Procedure (D.I.351) should be granted. The Court also concludes that Defendants' First Rule 37 Motion to Compel (D.I.353) should be denied insofar as it seeks production of un-redacted documents that would reveal the identity of Plaintiff's

---

4. Specifically, Plaintiff objects to paying for: (1) Defendants' own translator to fly to Germany, (2) business class airline tickets, (3) three attorneys to participate in the depositions, (4) the number of hours listed as travel time, and (5) the costs of the flights due to "optional flight changes."

secret source, but that the motion should be granted in all other respects.